**TRUNCALE v. BLUMBERG et al.**

United States District Court
S. D. New York.

Jan. 21, 1949.

See also, D.C., 8 F.R.D. 492.

Millard & Greene, of New York City, for plaintiff.

Mudge, Stern, Williams & Tucker, of New York City, for defendant.

RIFKIND, District Judge.

The defendant's motion for summary judgment and plaintiff's cross-motion for the same relief raise substantially but one question: Where the donee of a director of a corporation sells the gift securities within six months from the time they were acquired by the donor, is the donor-director liable for the profits realized under Sec. 16(b), Securities Exchange Act of 1934, 15 U.S.C.A. § 78 p(b)? All other aspects of the motion have been abandoned by the plaintiff. It is admitted that if such liability does attach the profits realized amount to $800.

The principal issues of this litigation were before Judge Medina in Truncale v. Blumberg, D.C.S.D.N.Y.1948, 80 F.Supp. 387. Judge Medina wrote a careful opinion wherein he said that such liability should not be imposed unless it appeared that the donee was, in effect, the alter-ego of the donor and that the sale was really made by the latter. The question of fact, Judge Medina suggested, was whether the gift was genuine or merely a device or artifice masking the facts made subject to the impact of the statute.[1]

Such an analysis leads to the conclusion that plaintiff's motion should be denied and defendant's motion granted unless the plaintiff claims that the facts come within the category outlined by Judge Medina. That such is the fact is here highly improbable since the securities sold represent but 50 warrants out of several thousands. Moreover, plaintiff has not alleged such a fact.

This application is but a small segment of the broader questions entertained by Judge Medina. For that reason I have not given it independent re-examination. The problem it raises is new and will undoubtedly receive the consideration of the Court of Appeals. For purposes of such review, it is just as well that the several decisions relating to this litigation proceed on a consistent and coherent theory.

The defendant's motion for summary judgment will, therefore, be granted

---

[1] This analysis may frustrate the statute's overall prophylactic purpose (to prevent any profitable use of inside information) for the benefit of the donee of an insider although not for the benefit of the insider himself.

unless plaintiff files an affidavit specifically putting in issue the material facts as suggested in Judge Medina's opinion. The plaintiff's motion is denied.