**PELLEGRINO v. NESBIT et al.**

No. 13220.

United States Court of Appeals
Ninth Circuit.

April 1, 1953.

Kenny & Morris, Los Angeles, Cal., and Morris J. Levy, New York City, for appellant, Carmelo J. Pellegrino.

Latham & Watkins, Los Angeles, Cal., for appellee Consolidated Engineering Corp.

Willis Sargent and Sidney H. Wyse, Pasadena, Cal., for appellees William D. Nesbit, Hugh F. Colvin and James R. Bradburn.

Louis Loss, Associate General Counsel, Myer Feldman, Attorney, Securities and Exchange Commission, Washington, D. C., Arthur E. Pennekamp, Atty. S. E. C., San Francisco, Cal., amici curiae.

Before STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

This appeal is taken from an order of the District Court denying appellant's motion for leave to intervene, subsequent to entry of final judgments in the consolidated cases of Consolidated Engineering Corporation v. Nesbit (Consolidated Engineering Corporation v. Colvin, and Consolidated Engineering Corporation v. Bradburn), D.C. S.D.Cal.1951, 102 F.Supp. 112, for the purpose of appealing the decision in these cases to this court.

In October 1950 appellant, a stockholder in appellee corporation, requested the corporation to institute suit under the provisions of § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b),[1] against the individual appellees to recover

---

[1] Sec. 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b), provides as follows:

"For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security

profits realized by these officers of the corporation from their respective purchases and sales of the corporation's common stock within periods of less than six months. The letter in which this request was made also informed the corporation that in the event it did not institute suit within sixty days appellant himself would commence such suit on its behalf pursuant to the provisions of the statute. The corporation thereupon instituted suits against the named officers.[2]

The pleadings and a pre-trial stipulation of the original parties disclosed that the stock purchases had been made under option agreements entered into by the corporation and sixteen key employees for the purpose of encouraging these employees to remain in the employ of the corporation at a salary which the corporation was then able to pay. These options originally had little value, but had increased substantially in value by the time they were exercised. The employees found it necessary to sell concurrently a portion of the stock taken up under the option agreements in order to obtain sufficient funds for exercise of their rights under the options. The so-called short-swing profits which resulted were the subject of the suits. After trial on certain limited issues of fact as to which there had been no stipulation, the District Court entered judgments for the individual appellees, holding that the corporation was estopped "to recover profits of a transaction which the corporation itself initiated and set up and which it (at least inferentially) assured defendants was valid." 102 F.Supp. at page 114.

Upon being notified by the corporation of the trial court's action and that the corporation's board of directors had decided not to appeal from the adverse judgments, appellant made his motion for leave to intervene as plaintiff for the purpose of appealing from these judgments. The present appeal from denial of this motion is being contested by both the individual officers who were defendants below and the corporation which, prompted by appellant's request, initiated the original suits. The Securities and Exchange Commission, which participated as *amicus curiae* in support of the plaintiff below, has filed an *amicus curiae* brief with this court supporting the position of the appellant.

Appellees first contend that the motion for leave to intervene was not made upon "timely application" as required by Rule 24(a) of the Federal Rules of Civil Procedure.[3] In determining the timeliness of such a motion a court should consider not only the period of time that has passed, but also the circumstances contributing to the delay. Thus, appellant forcefully argues that it was unnecessary to seek intervention at an earlier stage of the present litigation because a failure "diligently to prosecute" on the part of the corporation occurred within the meaning of § 16(b) of the Securities Exchange Act, 15 U.S.C.A. § 78p(b), for the first time when the corporation's board of directors decided not to appeal from the judgments of the District Court.

Intervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected. Wolpe v. Poretsky, 1944, 79 U.S.App.D.C. 141, 144 F.2d 505,

---

involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection." (Boldface ours.)

The most recent exposition of the aims and application of § 16 is contained in the article by Cook & Feldman, Insider Trading Under the Securities Exchange Act, 66 Harv.L.Rev. 385, 612 (1953).

2 Appellee Nesbit was vice-president in charge of production; appellee Colvin was treasurer; and appellee Bradburn

was vice-president in charge of engineering.

3. Federal Rules of Civil Procedure:
 "Rule 24. Intervention
 "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *." 28 U.S.C.A.

certiorari denied 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621; United States Casualty Co. v. Taylor, 4 Cir., 1933, 64 F.2d 521, certiorari denied 290 U.S. 639, 54 S.Ct. 56, 78 L.Ed. 555; American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C.S.D.N.Y.1942, 3 F.R.D. 162. Such a right which cannot otherwise be protected than by intervention is the right to appeal from the judgments entered on the merits by the District Court. This principle was applied to litigation under § 16(b) in Park & Tilford v. Schulte, 2 Cir., 1947, 160 F.2d 984, certiorari denied 332 U.S. 761, 68 S.Ct. 64, 92 L.Ed. 347, where the Second Circuit allowed a stockholder to intervene subsequent to final judgment in a suit to which the stockholder had not been a party. In the instant case appellant had no right to intervene so long as the corporation was diligently prosecuting the action. Appellant was first informed of the decision by the corporation not to appeal the judgments by a letter dated November 15, 1951, and mailed from New York City to Los Angeles. The motion for leave to intervene was filed on November 27, 1951. Such motion was, under the circumstances, timely. Appellees assert that certain defects existed in the form of the motion as made, but the record is silent as to whether these matters were raised before the District Court. The alleged defects not being jurisdictional we, therefore, refuse to consider them. Where, as here, intervention is sought as a matter of right, an order denying intervention has the degree of definiteness and finality necessary to support an appeal therefrom, since there is no other way in which the stockholder can assert the particular interest which he alleges warrants intervention. Dickinson v. Petroleum Conversion Corp., 1950, 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299; Brotherhood of Railroad Trainmen v. Baltimore & Ohio R. Co., 1947, 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646; Park & Tilford v. Schulte, supra.

■ The sufficiency of the interest appellant is seeking to protect is challenged by appellees. They have emphasized that since appellant averred in his affidavit that he now owns but two shares of stock in the corporation any recovery in behalf of the corporation will result in an exceedingly small gross recovery applicable to appellant's stock interest. We are not convinced that this factor is significant. Section 16 (b) establishes a statutory policy intended to prevent the abusive practices which were found to result from short-swing insider trading of securities, practices which are harmful both to the other stockholders and to the general public. See Sen.Rep.No. 1455, 73d Cong., 2d Sess.(1934). To the extent the statute is intended to protect the public from market fluctuations intentionally caused by or within the prior knowledge of corporate insiders seeking short-swing profits, the plaintiff in a § 16(b) suit is merely an instrument for effectuating the statutory policy. The statute states that where an issuer fails to bring suit within sixty days after request or fails diligently to prosecute the same thereafter "the owner of *any* security of the issuer" (italics ours) may institute suit. Such suit is "in behalf of the issuer" rather than for the personal benefit of the stockholder plaintiff. Thus the stockholder need not have owned stock at the time the transaction of which he complains took place. Benisch v. Cameron, D.C.S.D. N.Y.1948, 81 F.Supp. 882. In view of the statutory policy involved we need not be concerned with either the substantiality of appellant's shareholder interest, see Twentieth Century-Fox Film Corp. v. Jenkins, D.C.S.D.N.Y.1947, 7 F.R.D. 197, or appellant's motive in seeking to take part in the litigation. Magida on behalf of Vulcan Detinning Co. v. Continental Can Co., D.C. S.D.N.Y.1951, 12 F.R.D. 74; cf. Young v. Higbee Co., 1945, 324 U.S. 204, 214, 65 S. Ct. 594, 89 L.Ed. 890. We note, however, that there is no indication in the record that appellant's motive in seeking leave to intervene was improper.

■ Appellant was entitled to intervene, as a matter of right, in accordance with the provisions of § 16(b) if appellee corporation has failed "diligently to prosecute" the suits it instituted to recover the short-swing profits of its officers. Appellees rely upon the general rule that a corporation's board of directors may, subject to the exercise of good faith and a reasonable business judgment, determine whether the best interests

of the corporation and its stockholders would be served by engaging in litigation. This argument ignores the limitations imposed upon the usual discretion of a board of directors by the language of § 16(b). Any stockholder has a right to institute suit if the corporation fails to do so, regardless of the good faith or reasonable business judgment of the board of directors. Moreover, once it commences litigation, the company's duty is not merely to determine diligently *whether* prosecution of the suit should continue, but, rather, the company has a duty *diligently to prosecute* the suit. A realistic approach to § 16(b) litigation requires recognition that a corporation will generally be reluctant to bring suit against its own beneficial owners, directors or officers. Such reluctance may have been the reason why the instant suits were not commenced until after formal request was made upon the corporation by appellant. Prosecution of such suits may often be less than vigorous. If, subsequent to commencement of suit, a corporation's board of directors can determine with finality that prosecution of insiders will not be in the best interests of the company, and thereby foreclose stockholder action, the opportunity for evasion of the statutory policy is obvious. Such an interpretation would frustrate the apparent congressional intent, in providing for stockholder action, to create statutory safeguards against complete control by corporate management of § 16(b) suits against other members of management. Although diligent prosecution may not require an appeal in every case where a trial court enters judgment for the defendant, stockholder intervention for the purpose of perfecting an appeal from such a judgment should be liberally granted where the judgment of the trial court raises substantial and important questions of law in relation to its correctness. See Park & Tilford v. Schulte, supra; Wolpe v. Poretsky, supra. Such questions are presented by the judgments on the merits in the instant case.

First, the District Court held that the corporation was estopped to recover the profits made by the individual appellees upon their respective purchases and sales of the corporation's stock. This estoppel was based primarily upon two facts: (1) the corporation gave the stock options to the officers; and (2) during a subsequent meeting with the corporation's president at which the optionees stated that they did not have sufficient resources to pay both the federal tax incident to exercise the options [4] and purchase stock, without concurrently selling a portion of their purchased stock, it was made known to the optionees that they could effect sales of their stock through a brokerage house of which one of the directors of appellee corporation was a partner in order to procure the necessary funds. This determination that the conduct of the president and board of directors of a corporation may create an estoppel preventing effectuation of a statutory policy designed to protect minority shareholders and the general public presents a substantial, novel and important question of law. See 51 Mich.L.Rev. 108, 109–110 (Nov. 1952); 5 Stan.L.Rev. 139, 141 (Dec. 1952). This is the first instance of a court's holding that a corporation may be estopped to impose sanctions upon insiders who have traded in that corporation's securities. Should this case eventually be considered on the merits on appeal the decision of the lower court will doubtless be compared with statements of the United States Supreme Court, such as the following in Scott Paper Co. v. Marcalus Mfg. Co., 1945, 326 U.S. 249, 257, 66 S.Ct. 101, 105, 90 L.Ed. 47: "For no more than private contract can estoppel be the means of successfully avoiding the requirements of legislation enacted for the protection of a public interest." See also Brooklyn Savings Bank v. O'Neil, 1945, 324 U.S. 697, 704, 65 S.Ct. 895, 89 L.Ed. 1296. Subsequent to the judgments on the merits entered in the present case, it was held in Jefferson Lake Sulphur Co. v. Walet, D.C.E.D.La.1952, 104 F.Supp. 20, that neither the granting of options nor an intent by the corporation that the insider sell on the short-swing can give rise to an estoppel prevent-

4. It would seem that at least some of the options were exercised at a time subsequent to December 31, 1949 when no federal income tax accrued upon such exercise. See I.R.C. § 130A, 26 U.S.C.A. § 130A.

ing suit under § 16(b). See also Blau v. Hodgkinson, D.C.S.D.N.Y.1951, 100 F. Supp. 361, in which the court held that even settlement of a claim for short-swing profits by the corporation was no bar to a later suit under § 16(b).

Second, the District Court gave weight to the lack of contention "that defendants in any way unfairly used information which they might have obtained as officers, directors or beneficial owners." 102 F.Supp. at page 114. The provisions of § 16(b) are stated to be "For the purpose of preventing the unfair use of information which *may have been* obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer * * *." (Italics ours.) Other courts have held that by this language Congress contemplated an objective standard of proof and that no evidence showing the particular insider either had or made use of secret information is required for prosecution under the statute. Gratz v. Claughton, 2 Cir., 1951, 187 F.2d 46, certiorari denied 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353; Smolowe v. Delendo Corp., 2 Cir., 1943, 136 F.2d 231, 148 A.L.R. 300, certiorari denied 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446. The Court observed in the latter case: "Had Congress intended that only profits from an actual misuse of inside information should be recoverable, it would have been simple enough to say so." 136 F.2d at page 236. Whether the District Court in the instant case sufficiently recognized the absolute nature of § 16(b)'s prohibition at least presents a substantial question of law.

Third, the District Court stressed that because option agreements had been given to sixteen employees "it would seem entirely unfair to impose a penalty upon the three defendants herein, when it is impossible to impose a like penalty upon the other key employees who did and performed the same acts as complained of in these actions * * *." 102 F.Supp. at page 114. This statement raises a substantial question since Congress has seen fit to specifically limit the applicability of § 16(b) to a "beneficial owner, director, or officer" of the corporation. Such a distinction may well be found to be reasonable, since these are the persons most likely to have access to information not available to other persons trading upon the stock market. The Court said, in Gratz v. Claughton, supra, 187 F.2d at page 49: "Nobody is obliged to become a director, an officer, or a 'beneficial owner'; just as nobody is obliged to become the trustee of a private trust; but, as soon as he does so, he accepts whatever are the limitations, obligations and conditions attached to the position * * *."

It is clear, from what has already been said, that intervention should have been granted under Rule 24(a) (2) of the Federal Rules of Civil Procedure,[5] because representation of appellant's interest is "inadequate," appellee corporation having decided not to appeal from the judgments of the trial court, and appellant will be "bound by a judgment in the action". Furthermore, since all the statutory requirements for stockholder action in accordance with the provisions of § 16(b) have been met, appellant should have been permitted to intervene under Rule 24(a) (1) of the Federal Rules of Civil Procedure,[6] which provides for intervention of right "when a statute of the United States confers an unconditional right to intervene".

We have discussed the judgments of the District Court on the merits only to the extent thought necessary to show that the corporation's decision not to appeal from such judgments constituted a failure diligently to prosecute the suits since the correctness of the judgments presented substantial and important questions of law.

Appellant has urged that this court not only reverse the order denying the motion for leave to intervene, but also at this time review the entire case on its merits. This we cannot do. The original parties to the suits have not appealed. The present appellant would not be in a position to perfect an appeal until the question of his right to intervene for that purpose has been decided in his favor. Our jurisdiction is therefore limited to review of the final or-

5. See Footnote 3.

6. See Footnote 3.

der from which appellant appeals, that is, the denial of the motion to intervene. Park & Tilford v. Schulte, supra, relied upon by appellant, is not in point in this regard, because although in that case the Court of Appeals reviewed both denial of the stockholder's motion to intervene and the lower court's judgment on the merits the original defendants had already perfected an appeal on the merits to the Court of Appeals, which thus had jurisdiction.

During the course of oral argument, this court requested counsel to file supplemental memoranda addressed to the question of whether appellant's present appeal from denial of his motion for leave to intervene raises a moot question of law, since none of the original parties to the suits perfected an appeal from the District Court's judgments on the merits during the thirty day statutory period, see Fed.R.Civ.P. 73(a), and the present appellant did not seek an extension of this period in order to protect his rights during the course of his appeal from denial of the motion to intervene. We are now of the opinion that consideration of the question at this time would be premature. Only at such time as appellant actually seeks to appeal from the District Court's judgments can this matter properly be raised.

The order denying leave to intervene is reversed.