**CARR–CONSOLIDATED BISCUIT COMPANY, Plaintiff,**

v.

**H. S. MOORE (also known as Harry S. Moore), Defendant.**

**Civ. No. 3792.**

United States District Court
M. D. Pennsylvania.

Oct. 22, 1954.

As Amended Oct. 25, 1954.

White, Rowlands, Aston & Hourigan, Leo W. White, Wilkes-Barre, Pa., for plaintiff.

Arthur Silverblatt, Roscoe B. Smith, Wilkes-Barre, Pa., for defendant.

MURPHY, District Judge.

Plaintiff moves for summary judgment in an action under § 16(b), Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b), and see § 27, Id. § 78aa, to recover profit realized by a former treasurer from the sale and purchase of its common stock on the open market within less than six months. In opposition defendant denies engaging in short swing trading for speculative purposes;[1] and moves for dismissal of the action because of the statute of limitations.[2]

Assuming, as we must, for present purposes, defendant's version as to the motive for the sale and purchase, Zell v. American Seating Co., 2 Cir., 1943, 138 F.2d 641, at page 642; United States v. Haynes School Dist., D. C., 102 F.Supp. 843, at page 848, under the terms of § 16(b), considering the legislative history of the Act, plaintiff should ordinarily recover.

---

1. He states that he sold 850 of his 897 shares only because of differences with plaintiff's president, and repurchased 500 shares only because the president informed him of plans to elect him a director and of other plans for the future.

2. (b) "* * * Suit to recover such profit may be instituted * * * by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. * * *" 15 U.S.C.A. § 78p(b).

To prevent unfair use of information by insiders the section provides for the timely recovery of any profit from any sale and purchase within six months[3] regardless of the intention with which the transactions were made. The section forfeits the profits in order to discourage insiders from dealing in the shares within the time prescribed. Cf. Gratz v. Claughton, 2 Cir., 1951, 187 F.2d 46, at page 49, certiorari denied 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353.

Although § 16(b) was apparently specifically designed to protect "outside" shareholders against short swing speculation by insiders with advance information (see 59 Yale L.Jnl. 511, footnote 11), the only remedy deemed effective was the imposition of liability based upon an objective measure of proof. Smolowe v. Delendo Corp., 2 Cir., 1943, 136 F.2d 231, at pages 234–236, 148 A.L.R. 300, certiorari denied 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446; Falco v. Donner Foundation, Inc., 2 Cir., 1953, 208 F.2d 600, at page 604; Walet v. Jefferson Lake Sulphur Co., 5 Cir., 1953, 202 F.2d 433, at page 434, certiorari denied 346 U.S. 820, 74 S.Ct. 35, 98 L.Ed. —; Pellegrino v. Nesbit, 9 Cir., 1953, 203 F.2d 463, at page 468; Magida on Behalf of Vulcan Detinning Co. v. Continental Can Co., D.C.S.D.N.Y.1951, 12 F.R.D. 74, at page 78; Truncale v. Blumberg, D.C. S.D.N.Y.1948, 80 F.Supp. 387, at page 392. "Abuse of corporate position, influence, and access to information may raise questions so subtle that the law can deal with them effectively only by prohibitions not concerned with the fairness of a particular transaction." Securities and Exchange Commission v. Chenery Corp., 1943, 318 U.S. 80, at page 92, 63 S.Ct. 454, at page 461, 87 L.Ed. 626.

If Congress intended that only profits from an actual misuse of inside information and from short swing speculation by insiders should be recoverable it would have been simple enough to say so. See Smolowe v. Delendo Corp., supra, 136 F.2d at page 236; Pellegrino v. Nesbit, supra, 203 F.2d at page 468.

■ Defendant had a duty under § 16(a)[4] to report to the Exchange and the Commission within 10 days after the month in which the change in ownership occurred. He was three months late in doing so. His position is that the delay occurred through sheer inadvertence and without any intent or desire to conceal the matter from anyone.[5] He asserts that the president and secretary (director and counsel) of plaintiff company knew about the sale and purchase when they occurred; that contemporary proxy statements were already printed preventing his reporting the change in ownership therein. Finally that the present action is a reprisal measure because he unsuccessfully attempted to oust the management and resigned from the company.[6]

---

3. With exceptions not herein pertinent.

4. (a) "Every person who is directly or indirectly the beneficial owner of more than 10 per centum of any class of any equity security (other than an exempted security) which is registered on a national securities exchange, or who is a director or an officer of the issuer of such security, shall file, at the time of the registration of such security or within ten days . after he becomes such beneficial owner, director, or officer, a statement with the exchange (and a duplicate original thereof with the Commission) of the amount of all equity securities of such issuer of which he is the beneficial owner, and within ten days after the close of each calendar month thereafter, if there has been any change in such ownership during such month, shall file with the exchange a statement (and a duplicate original thereof with the Commission) indicating his ownership at the close of the calendar month and such changes in his ownership as have occurred during such calendar month." 15 U.S.C.A. § 78p(a).

5. That on the ninth day he was elected director, made vice president, general production manager and treasurer pro tem. His duties were thereby so greatly increased that he neglected to make the report on time.

6. See plaintiff's affidavit contra; that the action was brought after a shareholder requested it; defendant did not resign; his employment was terminated and he

Applying the same tests and objective standard, plaintiff's motive in bringing the action would not affect the result. See Pellegrino v. Nesbit, supra, 203 F.2d at page 466; Magida on Behalf of Vulcan Detinning Co. v. Continental Can Co., supra, 12 F.R.D. at page 78; Benisch v. Cameron, D.C.S.D.N.Y.1948, 81 F.Supp. 882, at page 885; Grossman v. Young, D.C.S.D.N.Y.1947, 72 F.Supp 375, at page 380.

■ Once defendant purchased the stock and realized a profit, a cause of action arose;[7] a right of action by the corporation[8] existed and the limitation period began to run.[9] Since plaintiff's action was commenced more than two years thereafter,[10] ordinarily defendant's motion to dismiss should be granted.

■ Plaintiff and the Commission[11] contend that here too an objective standard should determine the timeliness of the action. Since defendant violated a statutory policy against insider trading and a statutory duty of filing, the limitation period should not begin to run until the § 16(a) report was filed, regardless of whether the delay was caused by inadvertence or wilful misconduct. See Fistel v. Christman, D.C.W.D.Pa., 13 F.R.D. 245, at page 248; contra, where the report was filed within the ten day period.

Pointing to the purpose of the Act, § 2 (see 59 Yale L.Jnl. 511); the high standard of fiduciary conduct required;[12] the

was not reelected as a director; that he had ample time and opportunity to include such information in the proxy statements. See 95 U. of Pa.L.Rev. at 499, 66 Harv. L.Rev. 385 at 410, 411. Schedule 14A, Item 7(d), 17 Code Fed.Regs. 468, following § 240.14a–9 (1949).

7. See 63 Harv.L.Rev. 1177 at 1200; Adams v. Albany, D.C.S.D.Cal.1948, 80 F.Supp. 876, at page 881; 66 Harv.L. Rev. at 631; Shonts v. Hirliman, D.C. S.C.Cal.1939, 28 F.Supp. 478, at page 485.

8. The primary right to bring an action to recover profits * * * resides in the corporation. 66 Harv.L.Rev., supra at 410. Recovery runs not to the shareholders but to the corporation. Smolowe v. Delendo, supra, 136 F.2d at page 239. "The making of a profit by the 'insider' is the mainspring of the statute, a profit required by law to be passed on to the corporation probably because the corporation is the most convenient receptacle." Commissioner of Internal Revenue v. Glenshaw Glass Co., 3 Cir., 1954, 211 F. 2d 928, at page 932, and see Kelly v. Dolan, 3 Cir., 1916, 233 F. 635. Cf. 66 Harv.L.Rev., supra at 417, "The 'violation' is the flouting of the statutory policy against * * * trading rather than the nonpayment of the profit * * *."

9. See Note 2 supra.

10. The complaint does not explain why, but see note 6 supra. An affidavit in support of the motion points to defendant's delay in filing; does not deny knowledge by its president but questions the assertion as to the knowledge of its counsel and director; charges defendant with

concealment in the proxy solicitation. At no time did plaintiff explain when, where and how it first learned of the cause of and right of action. As to the necessity therefor, see infra. As to its right to amend, see Rosenberg v. Hano, 3 Cir., 1941, 121 F.2d 818, at page 821; Moore's Fed.Prac., 2d Ed. § 56.10, p. 2054–2056, Id. § 15.13, pp. 843–844; Downey v. Palmer, 2 Cir., 1940, 114 F.2d 116, 117; Rossiter v. Vogel, 2 Cir., 1943, 134 F.2d 908, at page 912; Reynolds v. Needle, 1942, 77 U.S.App.D.C. 53, 132 F.2d 161. Since plaintiff has the burden of demonstrating absence of a genuine issue of material fact (Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817, at page 824; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016–1018), the extent of plaintiff's knowledge, if material, being disputed, would prevent summary judgment. Defendant contends, regardless of plaintiff's knowledge, a timely action was a condition precedent to recovery.

11. In a memorandum of law filed as amicus curiae. And see "Statutory Inhibitions upon Unfair Use of Corporate Information by Insiders" by Robert S. Rubin and Myer Feldman of the Commission's legal staff, 95 U. of Pa.L.Rev. 468 at 474–475; "Insider Trading Under the Securities Exchange Act" by Donald C. Cook, Chairman, and Myer Feldman, special counsel for the Commission, 66 Harv.L.Rev. 385 at 413, Id. 612.

12. Smolowe v. Delendo, supra, 136 F.2d at page 239; cf. Woods v. City Nat'l Bank & Trust Co., 1941, 312 U.S. 262, at page 269, 61 S.Ct. 493, 85 L.Ed. 820;

legislative history;[13] the complementary nature of (a) and (b);[14] the specific purpose of § 16; the short limitation period, understandable only in context with a duty to make prompt disclosure,[15] they argue that the limitation is not an integral part of the right of action; that such construction provides an effective sanction against tardy § 16(a) reports, and that a contrary holding would frustrate the will of Congress and defeat a worthy statutory purpose.

Second, that defendant's conduct amounted to fraud and concealment which tolled the statute; even though an insider tells the officers and directors about his stock transactions, delay in reporting, whether wilful or inadvertent, should prevent such knowledge from being imputed to the corporation.

Third, estoppel against pleading such a defense; since defendant could have started the period running, plaintiff and the shareholders should not be prejudiced by his failure to do so. A defendant should not profit from his own wrong. Bigelow v. R. K. O. Radio Pictures, Inc., 1946, 327 U.S. 251, at pages 264, 265, 66 S.Ct. 574, 90 L.Ed. 652.

If plaintiff's theory as to statutory construction were adopted and an objective standard applied, regardless of the cause of defendant's delay or plaintiff's knowledge, plaintiff's motion should be granted. But § 16(b) created a new cause of action [16] and contains within itself a statute of limitations.

" * * * the limitation imposed becomes an integral part of the right of action created by the statute and so limits it that an aggrieved person cannot maintain his suit after the time fixed by the statute has expired." Pennsylvania Company for Insurance, etc., v. Deckert, 3 Cir., 1941, 123 F.2d 979, at page 985.[17] " * * * such statutes

---

Pepper v. Litton, 308 U.S. 295, at page 306–307, 60 S.Ct. 238, 84 L.Ed. 281, but see Chenery Corp. v. SEC, 1942, 75 U.S. App.D.C. 374, 128 F.2d 303, at pages 307–309.

13. See as to the section itself, Smolowe v. Delendo, supra, 136 F.2d at page 237; Grossman v. Young, D.C.S.D.N.Y.1947, 72 F.Supp. 375, at page 378, first inserted in the statute by the conference report; as a compromise, see 59 Yale L.Jnl. 510 at 511, 66 Harv.L.Rev. supra at 407.

14. That the sanctions are integral parts of the statutory scheme. See U. of Pa. L.Rev., Vol. 95, supra at 474–475, 66 Harv.L.Rev. at 386, "Effective operation of § 16(b) is made possible by § 16(a)'s requirement of full and prompt publicity * * *." 59 Yale L.Jnl. at 512. "This section was intended to create a practically automatic mechanism for the recovery of * * * short term profits." Brief of Commission citing Senate Banking and Currency Committee hearings on S.Rep. 56 and S.Res. 97, 73d Cong. 6557.

15. But see and cf. 63 Harv.L.Rev., Developments—Statutes of Limitations, 1177 at 1180, "Many special statutes provide for relatively short periods of a year or less apparently indicating disfavor of the action or policy in favor of particularly quick settlements." And see note 13, supra.

16. See Rosenberg v. Hano, 3 Cir., 1941, 121 F.2d 818 at page 820; Du Pont v. Du Pont, 3 Cir., 1919, 256 F. 129, certiorari denied 250 U.S. 642, 39 S.Ct. 492, 63 L. Ed. 1185; Strong v. Repide, 213 U.S. 419, 29 S.Ct. 521, 53 L.Ed. 853; Smolowe v. Delendo Corp., supra, 136 F.2d at page 235; Securities and Exchange Comm. v. Chenery Corp., 318 U.S. 80, at pages 85, 86, 88, 63 S.Ct. 454, 87 L.Ed. 626; Chenery Corp. v. SEC, 1942, 75 U.S.App.D.C. 374, 128 F.2d 303, at page 307; Pottish v. Divak, D.C.S.D. N.Y.1947, 71 F.Supp. 737, at page 738; Dunnett v. Arn, 10 Cir., 1934, 71 F. 2d 912, at page 917; Com. Title Ins. & Trust Co. v. Seltzer, 1910, 227 Pa. 410, 76 A. 77; Porter v. Healy, 1914, 244 Pa. 427, 91 A. 428; 95 U. of Pa. L.Rev. 471–472; 3 Fletcher Cyclopedia Corpns., 1947, Rev.Ed. §§ 900, 900.2, 1168 to 1175; 66 Harv.L.Rev. 408–409.

17. And see 34 Am.Jur., Limitation of Actions, § 7; 53 C.J.S., Limitations of Actions, § 1, p. 904; 63 Harv.L.Rev., Developments—Statutes of Limitations, 1177 at 1187 et seq.; Atlantic Coast Line Railroad v. Burnette, 1915, 239 U.S. 199, at page 201, 36 S.Ct. 75, 60 L.Ed. 226; A. J. Phillips Co. v. Grand Trunk Western Ry. Co., 236 U.S. 662, at page 667, 35 S.Ct. 444, 59 L.Ed. 774; Central Vt. Ry. Co. v. White, 238 U.S. 507, at page 511, 35 S.Ct. 865, 59 L.Ed. 1433.

cannot be tolled, after the manner of statutes of limitation, even for fraud or concealment by the defendant which prevent the plaintiff from bringing the action within time." Damiano v. Pennsylvania R. Co., 3 Cir., 1947, 161 F.2d 534, at page 535, certiorari denied 332 U.S. 762, 68 S.Ct. 65, 92 L.Ed. 348; Carpenter v. Erie R. Co., 3 Cir., 1942, 132 F.2d 362; and see United States v. Borin, 5 Cir., 1954, 209 F.2d 145, at pages 147, 148.[18] Although there is respectable authority to the contrary[19] we shall follow the teachings of the Court of Appeals for this Circuit.[20]

As to statutes of limitations generally, see Mr. Justice Stone in Guaranty Trust Co. of New York v. United States, 1938, 304 U.S. 126, at page 136, 58 S.Ct. 785, at page 790, 82 L.Ed. 1224, "The statute of limitations is a statute of repose * * * regarded by this Court * * * as a meritorious defense, in itself serving a public interest." Mr. Justice Sutherland in United States v. Oregon Lumber Co., 1922, 260 U.S. 290, at page 299, 43 S.Ct. 100, at page 103, 67 L.Ed. 261, "* * * not a technical defense but substantial and meritorious. The great weight of modern authority is to this effect." Mr. Justice McLean in McCluny v. Silliman, 1830, 3 Pet. 270, 28 U.S. 270, 277, 7 L.Ed. 676, "The courts do not now, unless compelled by the force of former decisions, give a strained construction, to evade the effect of those statutes * * *." And see Mr. Justice Story in Bell v. Morrison, 1828, 1 Pet. 351, 26 U.S. 351, at page 360, 7 L.Ed. 174 "* * * it has often been a matter of regret, * * * that, in the construction of the statute of limitations, the decisions had not proceeded upon principles better adapted to carry into effect the real objects of the statute;

As to source, see Davis v. Mills, 1904, 194 U.S. 451, at page 454, 24 S.Ct. 692, 48 L.Ed. 1067; Midstate Horticultural Co., Inc. v. Pa. R. Co., 1943, 320 U.S. 356, at pages 358, 359, 64 S.Ct. 128, 88 L.Ed. 96.

18. See Note 17 supra. Cf. Williams v. Pittsburgh Terminal Coal Co., 3 Cir., 1933, 62 F.2d 924, certiorari denied 289 U.S. 749, 53 S.Ct. 692, 77 L.Ed. 1494, where defendant's acts of concealment prevented plaintiff from obtaining knowledge.

Bell v. Wabash R. Co., 8 Cir., 1932, 58 F.2d 569; Pollen v. Ford Instrument Co., 2 Cir., 1940, 108 F.2d 762; United States ex rel. Nitkey v. Dawes, 7 Cir., 151 F.2d 639, 644, certiorari denied 327 U.S. 788, 66 S.Ct. 808, 90 L. Ed. 1015; Oliver v. Calmar S. S. Co., D. C.E.D.Pa., 33 F.Supp. 356, 357; Adams v. Albany, D.C.S.D.Cal., 80 F.Supp. 876; Taylor v. Southern Ry. Co., D.C.Ill., 6 F.Supp. 259, at page 260; Wilson v. Missouri Pac. R. Co., D.C., '58 F.Supp. 844, at page 847; O'Neill v. Cunard White Star Line, Ltd., D.C., 69 F.Supp. 943, at page 945; United States v. MacEvoy, D.C.N.J., 10 F.R.D. 323 at page 325; Talbot v. Sioux Nat'l Bank, 1902, 185 U.S. 182, 22 S.Ct. 621, 46 L.Ed. 862; Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813; Wahlgren v. Standard Oil Co. of N. J., D.C.S.D.N.Y., 42 F.Supp. 992, and cf. Holmberg v. Armbrecht, 327 U.S. 392, at page 395, 66 S. Ct. 582, 90 L.Ed. 743.

See and cf. Osbourne v. United States, 2 Cir., 1947, 164 F.2d 767, at page 768 and Frabutt v. New York, Chicago & St. Louis R. Co., D.C.W.D.Pa., 84 F. Supp. 460, at page 465, lack of forum because of war. See Amy v. City of Watertown, 1889, 130 U.S. 320, at page 324, 9 S.Ct. 537, 32 L.Ed. 953.

19. As to actual fraud, see Michoud v. Girod, 4 How. 503, 45 U.S. 503, 11 L.Ed. 1076; McIntire v. Pryor, 1899, 173 U.S. 38, at page 54, 19 S.Ct. 352, 43 L.Ed. 606.

Bree v. Holbech, 2 Douglas 654, 656, Dictum of Lord Mansfield; Sherwood v. Sutton, 1828, 21 Fed.Cas.No.12782, p. 1303, 5 Mason 143; Bailey v. Glover, 1874, 21 Wall. 342, 88 U.S. 342, 348, 22 L.Ed. 636; Exploration Co., Ltd. v. United States, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200; Grossman v. Young, D.C.S.D.N.Y., 72 F.Supp. 375; Holmberg v. Armbrecht, 327 U.S. 392, at page 397, 66 S.Ct. 582, 90 L.Ed. 743; Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 1949, 178 F.2d 253, 15 A.L.R.2d 491, certiorari denied 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343, Id., 4 Cir., 190 F.2d 935, at page 941; Toran v. N. Y., N. H. & H. R. Co., D.C.Mass., 108 F.Supp. 564; Fravel v. Pennsylvania R. Co., D.C. Md.1952, 104 F.Supp. 84, and see Note 15 A.L.R.2d 500.

20. See Freedom of the Trial Judge, 65 Harv.L.Rev. 1281 at 1298; cf. L. Hand dissenting in Spector Motor Service v. Walsh, 2 Cir., 1943, 139 F.2d 809, at page 823.

that instead of being viewed in an unfavorable light, * * * it had received such support as would have made it what it was intended to be, emphatically, a statute of repose." And see Mr. Justice Bradley in Amy v. City of Watertown, supra, 130 U.S. 320, at page 324, 9 S.Ct. 537, at page 538, 32 L.Ed. 953, speaking of the power to make exceptions, "but the cases in which it applies are very limited in character, and are to be admitted with great caution; otherwise the court would make the law instead of administering it. The general rule is that * * * the act must prevail, and no reasons based on apparent inconvenience or hardship can justify a departure from it."

■ Finally Mr. Justice Jackson in Chase Securities Co. v. Donaldson, 1945, 325 U.S. 304, at pages 313–314, 65 S.Ct. 1137, at page 1142, 89 L.Ed. 1628, statutes of limitations "always have vexed the philosophical mind for it is difficult to fit them into a completely logical and symetrical system of law. There has been controversy as to their effect. * * *" They "* * * find their justification in necessity and convenience rather than in logic * * * represent expedients, rather than principles * * * are by definition arbitrary, and their operation does not discriminate between the just and unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. * * * the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control."

■ "In the imposition of penalties * * * Congress has a wide discretion. Sanctions may be of various types." Electric Bond & Share Co. v. S. E. C., 303 U.S. 419, at page 442, 58 S.Ct. 678, 686, 82 L.Ed. 936, 115 A.L.R. 105. While § 16(a) does not specifically provide civil liability in damages for failure to comply with its commands, § 28(a) of the Act, 15 U.S.C.A. § 78bb(a) preserves such right. A proper plaintiff may under certain circumstances recover.[21] Compliance with § 16(a) may also be enforced under § 21(e), 15 U.S.C.A. § 78u(e); a wilful violation punished under § 32(a), 15 U.S.C.A. § 78ff (a).[22] When Congress wished to fix a special sanction for failure to file, it spelled out the specific liability.[23] When it desired to have the limitation period postponed, it specifically said so.[24] We

21. Texas & Pacific R. Co. v. Rigsby, 1916, 241 U.S. 33, at page 39, 36 S.Ct. 482, 60 L.Ed. 874; Slavin v. Germantown Fire Ins. Co., 3 Cir., 1949, 174 F.2d 799, at page 805; Downing v. Howard, 3 Cir., 1947, 162 F.2d 654, at page 657; In re Bowen, 3 Cir., 1945, 151 F.2d 690, at page 692; Kardon v. National Gypsum Co., D.C.E.D.Pa., 69 F.Supp. 512, at pages 513–514; Fischman v. Raytheon Mfg. Co., 2 Cir., 1951, 188 F.2d 783, at page 787; Reitmeister v. Reitmeister, 2 Cir., 1947, 162 F.2d 691, at page 694; Restatement of Torts, §§ 286, 287, 288.

22. See 95 U. of Pa.L.Rev. 470–472, 498–499; 66 Harv.L.Rev. 406–407; see and cf. § 16(c).

23. § 32(b), 15 U.S.C.A. § 78ff(b) "Any issuer which fails to file * * * reports * * * shall forfeit to the United States the sum of $100 for each and every day such failure to file shall continue. * * *"

24. § 18(c), 15 U.S.C.A. § 78r(c) "No action shall be maintained to enforce any liability created under this section unless brought within one year after the discovery of the facts constituting the cause of action and within three years after such cause of action accrued" and see § 9(e), 15 U.S.C.A. § 78i(e) to the same effect; see and cf. § 20, 15 U.S.C.A. § 78t. See and cf. § 13, Act of 1933, 15 U.S.C.A. § 77m "or after such discovery should have been made by the exercise of reasonable diligence * * *." The doctrine of imputed discovery, Shonts v. Hirliman, D.C.Cal., 28 F.Supp. at page 485, supra. There are provisions similar to § 16(a, b) in § 17, Public Utility Holding Act of 1935, 15 U.S.C.A. § 79q, see Chenery Corp. v. S. E. C., supra, 75 U.S.App.D.C. 374, 128 F.2d at page 308; In re American States Public Service Co., D.C.Md., 12 F.Supp. 667, modified on other grounds, Burco, Inc., v. Whitworth, 4 Cir., 81 F.2d 721, certiorari denied 297 U.S. 724, 56 S.Ct. 670, 80 L.Ed. 1008; § 30, Investment Company Act of 1940,

are thus confronted with the problem suggested but not solved in Rosenberg v. Hano, 3 Cir., 1941, 121 F.2d 818, at page 821.

■ In view of the foregoing, considering the plain and unambiguous language of § 16(b), comparing it with §§ 9(e) and 18(c), it appears that Congress intended a different situation to prevail under 16(b). Based upon a fair interpretation of the section we conclude that the words mean exactly what they say. "Whatever the motive, the language used clearly expresses the legislative intention and admits of no doubt as to its meaning. This being so, it is only the province of the courts to enforce the statute in accordance with its terms." Texas Portland Cement Co. v McCord, 1914, 233 U.S. 157, at page 163, 34 S.Ct. 550, 553, 58 L.Ed. 893. See United States v. Lexington Mill Co., 232 U.S. 399, 409–410, 34 S.Ct. 337, 58 L.Ed. 658 and Securities and Exchange Comm. v. C. M. Joiner Corp., 1943, 320 U.S. 344, at pages 350, 355, 64 S.Ct. 120, at pages 123, 125, 88 L.Ed. 88.

■ "We need not pause to consider whether a statute differently conceived and framed would yield results more consonant with fairness and reason. We take the statute as we find it." Mr. Justice Cardozo, 1933, in Anderson v. Wilson, 289 U.S. 20, 27, 53 S.Ct. 417, 420, 77 L.Ed. 1004. And see Mr. Justice

Brandeis in Iselin v. United States, 1926, 270 U.S. 245, at page 251, 46 S.Ct. 248, at page 250, 70 L.Ed. 566, "What the government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, * * *. To supply omissions transcends the judicial function."[25]

Running through plaintiff's argument is the thread that defendant's conduct *effectively* prevented suit; that the information provided by the 16(a) report "* * * is aimed at providing the information which *must* form the basis for any action * * * under * * * § 16. Failure to comply with 16(a) will *necessarily* hamper the enforcement of 16(b) * * *" See 95 U. of Pa.L. Rev. 474–475.[26]

■ In addition to the personal knowledge of plaintiff's officers the corporation must be charged with knowledge of what appeared on its stock ledger and stock transfer books.[27] Notice to an officer in the line of his duty would in the absence of some contravening circumstance such as collusion be notice to the company. See Mr. Justice Holmes in Curtis v. Connly, 257 U.S. 260, at page 262, 264, 42 S.Ct. 100, 66 L.Ed. 222; White v. Federal Deposit Ins. Corp., 4 Cir., 1941, 122 F.2d 770, at page 776; Farmer v. Standeven, 10 Cir., 1938, 93 F.2d 959, at page 962; Cooper v. Hill, 8 Cir., 1899, 94 F. 582. The stockholders

15 U.S.C.A. § 80a–29(f), see Saunders v. Com'r of Internal Revenue, 3 Cir., 1954, 215 F.2d 768.

25. See Mr. Justice Frankfurter, 47 Col.L. Rev. 527 at 534. "An omission * * * whether careless or calculated, cannot be judicially supplied however much later wisdom may recommend the inclusion" and see Comm. of Internal Revenue v. Glenshaw Glass Co., supra, 211 F.2d at page 932. If the construction urged is to become law—that is to be accomplished by further legislation.

At the same time we are fully cognizant of the words of Judge Learned Hand in Cabell v. Markham, 2 Cir., 1945, 148 F.2d 737, at page 739, and see United States v. Brennan, D.C.Cir., 1954, 214 F.2d 268, at page 270.

26. See 95 U. of Pa.L.Rev. at 501, "* * * The reports filed under § 16(a) receive only limited publicity, and often public dissemination of their contents is delayed." See 66 Harv.L.Rev. at 392, 396. In April 1935 the Commission began publication of a monthly summary. See 66 Harv.L.Rev. 396, footnote 47–48. Discontinued in 1951 because of budgetary restrictions. Such information is now for sale at the Government Printing Office; see Id. footnote 49, p. 396 as to the information being available at the Exchange, and see Yale L.Jnl. at 512. Cf. note 8 supra and Overfield v. Pennroad Corp., supra, 146 F.2d at pages 894–895.

27. See 66 Harv.L.Rev., supra at 410, some corporations require reports from their executives.

had the right to inspect them. Guthrie v. Harkness, 1905, 199 U.S. 148, at pages 153, 155, 26 S.Ct. 4, 50 L.Ed. 130; Shonts v. Hirliman, D.C.S.D.Cal., 28 F.Supp. 478, at page 486; 15 A.L.R.2d 90; Com. ex rel. Sellers v. Phoenix Iron Co., 105 Pa. 111, at page 116; Kuhbach v. Irving Cut Glass Co., 220 Pa. 427, at page 433, 69 A. 981, 20 L.R.A.,N.S., 185; Binns v. Copper Range Co., 335 Pa. 257, at page 265, 6 A.2d 895; 5 Fletchers Cyclopedia Corpns., Perm.Ed. § 2213 et seq.

 Assuming arguendo that defendant's conduct amounted to "fraud",[28] that a failure to file would ordinarily be considered "concealment",[29] that the limitation was not a condition precedent to the right to sue and that fraud and concealment would toll the statute, the knowledge of plaintiff's president, herein unchallenged, was that of the corporation. Having such it was plaintiff's duty to bring suit within the statutory period.

 Although estoppel need not present fraud in its full implications and intent to deceive is not required, even here the plaintiff must show reliance upon defendant's misleading conduct.[30]

 Plaintiff was obliged to aver [31] the circumstances as to discovery, when, what, how and why it was not made sooner. Wood v. Carpenter, 1879, 101 U.S. 135, at page 140, 25 L.Ed. 807; that it exercised due diligence in doing so. Felix v. Patrick, 1892, 145 U.S. 317, at pages 331–332, 12 S.Ct. 862, 36 L.Ed. 719; Ware v. Galveston City Co., 146 U.S. 102, at page 116, 13 S.Ct. 33, 36 L.Ed. 904; Fischmann v. Raytheon Mfg. Co., D.C.S.C.N.Y., 9 F.R.D. 707, at page

28. Directors and officers occupy a fiduciary relationship, Bailey v. Jacobs, 1937, 325 Pa. 187, at page 194, 189 A. 320; a confidential relationship, Harrison v. Welsh, 1929, 295 Pa. 501, at page 506, 145 A. 507, and see footnote 12, supra. A trust is implied by law. Farmer v. Standeven, 10 Cir., 1938, 93 F.2d 959; White v. Federal Deposit Ins. Corp., supra, 122 F. 2d at page 774; S. E. C. v. Transamerica Corp., 3 Cir., 163 F.2d 511, at page 516. Absent actual fraud in the common law sense, Dabney v. Levy, 2 Cir., 191 F. 2d 201 at page 204; see 66 Harv.L. Rev. at 408 et seq.; Rosenberg v. Hano, supra, 121 F.2d at page 821; if they violate their duty to the corporation it is not necessary to resort to fictitious allegations of fraud to hold them liable. They are responsible for a breach of fiduciary duty, Overfield v. Pennroad Corp., 3 Cir., 1944, 146 F.2d 889. " * * * conduct which the courts regard as liability creating and which, therefore, has some of the consequences which actual fraud has." In re Bowen, 3 Cir., 1945, 151 F. 2d 690, at page 691; see Kardon v. National Gypsum Co., D.C., 73 F.Supp. 798; but see and cf. LaCourse v. Kiesel, 366 Pa. 385 at pages 390–391, 77 A.2d 877; Charleroi Lumber Co. v. Bentleyville Borough School Dist., 334 Pa. 424, at page 432, 6 A.2d 88, 91, " 'Constructive', or, as it is sometimes called, 'legal fraud'— however inept the term—has been used to designate a breach of duty which has a tendency to deceive others and operates to their injury, even though there be no vicious intent." See 37 C.J.S., Fraud, § 2, pp. 209–210, 213–214; City of Philadelphia v. Holmes Elec. Protective Co., etc., 1939, 335 Pa. 273, at page 280, 6 A.2d 884; McNeely v. Philadelphia Nat'l Bank, 314 Pa. 334, at pages 342–343, 172 A. 111, and Plazak v. Allegheny Steel Co., 324 Pa. 422, at page 429, 188 A. 130, 133.

29. See Note 173 A.L.R. 576 at 588. 37 C. J.S., Fraud, § 16, p. 244, "An exception to the rule that mere silence is not fraud exists where the circumstances impose * * * a duty to speak and he deliberately remains silent. * * * Where the law imposes a duty * * * to disclose all material facts known to him and not known to the other, silence or concealment in violation of this duty with intent to deceive will amount to fraud as being a deliberate suppression of the truth and equivalent to the assertion of a falsehood."

30. See Kruhmin v. United States, 3 Cir., 1949, 177 F.2d 906; 63 Harv.L.Rev., supra at 1222–1223; Adams v. Albany, supra, 80 F.Supp. at pages 881, 882; § 16, p. 244; cf. Pellegrino v. Nesbit, supra, 203 F.2d 463.

31. See Note 10 supra. As to alleging fraud, see Fed.Rules Civ.Proc. rule 9 (b), 28 U.S.C.A.; 2 Moore's Fed.Prac., 2d Ed., § 9.03. In Grossman v. Young, supra, 72 F.Supp. 375, and in Holmberg v. Armbrecht, supra, 327 U.S. 392, 66 S.Ct. 582, there were such allegations and deception and concealment in fact.

710; Shonts v. Hirliman, supra, 28 F.Supp. at pages 486, 487.

"It is fundamental, in the rule announced in Bailey v. Glover [21 Wall. 342, 22 L.Ed. 636], that there must not be negligence or laches * * * in coming to the knowledge of the fraud which is the foundation of his suit * * *. A rigid enforcement of that condition is essential to meet the object of the statute of limitations." Avery v. Cleary, 1890, 132 U.S. 604, at page 609, 10 S.Ct. 220, at page 223, 33 L.Ed. 469, and see Rawlings v. Ray, 312 U.S. 96, at page 98, 61 S.Ct. 473, 85 L.Ed. 605; Foster v. Mansfield, C. & L. M. R. Co., 146 U.S. 88, 89, 13 S.Ct. 28, 36 L.Ed. 899; Johnston v. Standard Mining Co., 1893, 148 U.S. 360, 370, 13 S.Ct. 585, 37 L.Ed. 480. There can be no concealment which will prevent the running of the statute of limitations when the cause of action is known. Turtzo v. Boyer, 1952, 370 Pa. 526, at pages 529, 530, 88 A.2d 884; Phillips Petroleum Co. v. Johnson, 1946, 5 Cir., 155 F.2d 185, at page 191, certiorari denied 1946, 329 U.S. 730, 67 S.Ct. 87, 91 L.Ed. 632; Coddington v. R. Co., 1880, 103 U.S. 409, 26 L.Ed. 400. A cause of action cannot be said to be concealed from one who has personal knowledge of the facts which created it. See Norris v. Haggin, 1890, 136 U.S. 386, 10 S.Ct. 942, 34 L.Ed. 424.

We are fully aware that equitable powers have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done, Pepper v. Litton, supra, 308 U.S., at pages 304, 305, 60 S.Ct. at page 244, but "* * * when the lawmaking power speaks upon a particular subject, over which it has constitutional power to legislate, public policy in such a case is what the statute enacts." United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, at page 340, 17 S.Ct. 540, at page 559, 41 L.Ed. 1007. See and cf. American United Mut. Life Insurance Co. v. City of Avon Park, 311 U.S. 138, at page 145, 61 S.Ct. 157, 85 L.Ed. 91.

Ordinarily whether or not plaintiff's president had the knowledge attributed to him, and whether or not proper diligence had been exercised would be a question of fact to be determined by a jury. 123 A.L.R. 346, at page 367; Schillner v. H. Vaughn Clarke & Co., 2 Cir., 1943, 134 F.2d 875, at page 878.

Here there has been no denial of such knowledge or any charge of collusion between defendant and the officers of plaintiff corporation. See Truncale v. Blumberg, D.C.S.D.N.Y., 83 F.Supp. 628. Defendant's motion to dismiss in the present state of the record will be denied without prejudice to defendant's renewing such motion after plaintiff has had an opportunity to amend its pleading within twenty days from this date, or by affidavit to assert such facts as to preclude the granting of such motion.