## Mark DOTTENHEIM

v.

**Clint W. MURCHISON, Jr. and John Dabney Murchison, individually and as copartners doing business under the firm name and style of Murchison Brothers and Kirby Petroleum Company.**

Civ. A. No. 5834.

United States District Court, N. D. Texas, Dallas Division. Jan. 17, 1955.

Sanders, Lefkowitz & Green, Dallas, Tex., for plaintiff.

Donald G. Gay and Franklin E. Spafford, Dallas, Tex., for defendants.

ATWELL, Chief Judge.

Plaintiff styles his action as one under the Securities Exchange Act of 1934, and alleges that he is a stockholder of defendant Kirby Petroleum Company, a Delaware corporation, and brings his action in the name and behalf of Kirby Petroleum Company, pursuant to section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b).

He further alleges that the Kirby Petroleum Company consists of 500,000 shares of non-voting preferred stock, and 593,000 shares of common stock, all registered on the American Stock Exchange in New York, and National Securities Exchange. That defendants Murchison are citizens of Texas, residing in Dallas. That defendants Murchison are the owners of more than ten percent of Kirby Petroleum Company outstanding common stock. That about October 21, 1953, they purchased and acquired 120,600 shares of Kirby Petroleum Company stock at the price of $8.50 per share, and that

such purchase constituted more than ten percent of outstanding preferred stock. That less than six months later, to wit, on or about January 13, 1954, they sold 112,500 shares of such stock at the price of approximately $9.75 per share, which resulted in a profit to them of approximately $140,625.

That they are accountable to the Kirby Petroleum Company for such profit pursuant to Section 16(b) of the Securities Exchange Act of 1934; that the precise amount of such profit is unknown to the plaintiff and should be determined by an accounting.

That sixty days before the commencement of this suit, plaintiff had requested Kirby Petroleum Company to take all necessary steps to .compel such an accounting, but has failed to bring such an action.

He then pleads that any further demand upon Kirby Petroleum Company to bring such an action would be futile, because of the interest of Murchison Brothers in the outstanding common stock, and that they, by reason of such ownership, dominate and control the business and affairs of Kirby Petroleum Company and its Board of Directors. That plaintiff has no adequate remedy at law and they plead for an accounting.

The defendants Murchison, challenge by a motion to dismiss this action, because the complaint fails to state such a claim as will support the relief asked for, in that it fails to allege that plaintiff was a shareholder in the Kirby Petroleum Company at the time of the transactions of which he complains, or, that his share thereafter devolved on him by operation of law. That such allegations are required in such a secondary action by Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; nor, is the bill verified as required by such Rules.

The motion seems to be in harmony with subdivision b of Rule 23. It provides that it must be alleged in such a complaint "that the plaintiff was a shareholder at the time of the transac-

tion of which he complains * * *. The complaint shall also set forth, with particularity, the efforts of the plaintiff to secure from the managing Directors or Trustees and, if necessary, from the shareholders, such action as he desires, and the reason for his failure to obtain such action, or, the reasons for not making such effort."

It is conceded in open court that the plaintiff owned no stock at the time of the transaction of which he complains. Nor does the bill allege the other necessary allegations just quoted above.

Rule 23 is the same as Rule 27 of Equity. Rinn v. Asbestos Mfg. Co., 7 Cir., 101 F.2d 344. In the present case, diversity of citizenship is shown, as required by a number of decisions.

The Kirby Petroleum Company, in its answer, denies the allegations as to the influence and power of the Murchisons over the Directors. It alleges that the Directors were serving as such, many years, and long before the Murchisons became stockholders, and sets forth that Director Deussen has been a Director since 1934; Gregory, Jr., since 1951; Hancock, Jr., since 1938; Moran, since 1949; Ragan, since 1930; Sawtelle, since 1923, and Scott, since 1933.

The Kirby Petroleum Company also denies that it has ever refused to bring an action under Section 16(b) of the Securities Exchange Act of 1934 against the Murchisons. Further, the Kirby Petroleum Company states that it is a nominal defendant only, and neither admits nor denies any of the other allegations contained in plaintiff's complaint.

The plaintiff disagrees with the defendant that his action should be verified, as required by Rule 23(b), because, he says that it is brought under the Securities Exchange Act. Since it is under the Securities Exchange Act, he claims that Rule 23(b) has no application to such an action, and suggests that the case of Benisch v. Cameron, D.C., 81 F.Supp. 882, supports his theory. As does also Blau v. Mission Corp., 2 Cir., 212 F.2d 77, certiorari denied, 347 U.S. 1016, 74 S.Ct. 872, 98 L.Ed. 1138.

These cases do not seem to the court to be relevant to this particular controversy, neither do the cases of Pellegrino v. Nesbit, 9 Cir., 203 F.2d 463, 37 A.L.R. 2d 1296; Park & Tiford, Inc., v. Schulte, 2 Cir., 160 F.2d 984; and Kogan v. Schulte, D.C., 61 F.Supp. 604; the case by the Fifth Circuit, in Walet v. Jefferson Lake Sulphur Co., 202 F.2d 433, and the cases cited therein.

This action, of course, is one for an accounting, and is a pure equity case. It challenges our conception of justice and equitable righteousness to permit one who had no interest whatever in a corporation at the time of the transactions of which he complains, to thereafter become a stockholder and then bring a suit against those who were in such transaction.

The open court argument on this motion developed that a considerable time after the transaction of which he complains, he purchased a very small amount of stock, to wit: twenty-five shares, and shortly after such purchase brought this action.

It would seem that the following citations should afford more comfort to the Chancellor who must decide the questions presented: Pottish v. Divak, D.C., 71 F.Supp. 737; Smolowe v. Delendo Corp., 2 Cir., 136 F.2d 231, 148 A.L.R. 300; 13 American Jurisprudence 501, paragraph 457.

Motion to dismiss must be sustained.