### AMERICAN BRAKE SHOE & FOUNDRY CO. v. INTERBOROUGH RAPID TRANSIT CO.

District Court, S. D. New York.

Nov. 4, 1942.

William C. Chanler, Corporation Counsel, of New York City (Leo Brown, of New York City, of counsel), for City of New York.

Chester W. Cuthell, of New York City (Robert W. Maloney, Jr., of New York City, of counsel), Special Counsel to Transit Commission.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Edwin S. S. Sunderland and Chester F. Leonard, both of New York City, of counsel), for J. P. Morgan and others, as Committee for Interborough Rapid Transit Co. First and Refunding Mortgage 5% Gold Bonds.

Shearman & Sterling, of New York City (Guy Cary, and Clifford M. Bowden, both of New York City, of counsel), for J. Herbert Case and others, as Committee for Interborough Rapid Transit Co. Ten-Year Secured Convertible 7% Gold Notes.

Wright, Gordon, Zachrey, Parlin & Cahill, of New York City (Boykin C. Wright, Clifton Murphy, and Daniel James, all of New York City, of counsel), for Van S. Merle-Smith and others, as Protective Committee for Manhattan Ry. Co. Consolidated Mortgage 4% Gold Bonds.

Katz & Sommerich, of New York City (Otto C. Sommerich, of New York City, of counsel), for Bertha R. Linder.

HULBERT, District Judge.

Philip E. Mannheim, acting for himself and other owners of Manhattan 4% Second Mortgage Bonds, was one of only two parties who prosecuted appeals from any of the decrees or orders entered in connection with the carrying out of the Interborough-Manhattan unification plan. He appealed from nine such orders and decrees which were affirmed on August 12, 1941 (American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., 2 Cir., 122 F.2d 454) and his petition for certiorari was denied on Feb. 2, 1942, Mannheim v. Merle-Smith, 315 U.S. 801, 62 S.Ct. 625, 626, 86 L.Ed. 1201.

One of the appeals taken by Mannheim was from an order of March 15, 1940 which held that the plan was "fair, equitable and feasible and the offers made in the plan to creditors and stockholders of Interborough Rapid Transit Company and in Manhattan Railway Company are fair, equitable and timely."

On June 12, 1940, prior to the entry of the order for the consummation of the plan, Mannheim moved that "the time for dissenters to assent should be extended now by the City and the Committees until thirty days after final decision in the highest court reached by the case until all rights to appeal on a petition for certiorari have lapsed."

This court entered its order authorizing and directing the consummation of the plan. It is also one from which Mannheim appealed. In the Appellate Court he urged that if he lost on his other points he should be given at least an amount equal to what he would have received had he assented to the plan.

The opinion of the Appellate Court concluded [122 F.2d 461], "the orders and decrees appealed from limiting his recovery to $394.68 per bond are affirmed."

On May 22, 1942, Mannheim, as owner, and acting as attorney in fact for other owners, of Manhattan Second Mortgage Bonds in the aggregate principal amount of $484,000 applied to this court for an order directing the acceptance of said bonds in such principal amount under the plan, nunc pro tunc, upon such terms and conditions with respect to adjustment of in-

terest, or otherwise, as to this court might seem equitable and proper.

In disposing of that motion I pointed out that, in my opinion, the issue raised by Mannheim had already been decided against him, and denied his application.

On September 25, 1942 he filed a notice of appeal from the order entered upon my decision, and at or about the same time decided to surrender his bonds in exchange for the cash to which he was entitled under the Settlement Fund order of March 15, 1940.

Bertha R. Linder, claiming to be the present owner and holder of $23,000 par value of said bonds aggregating $484,000, and one of the owners for whom Mannheim was acting as attorney in fact, has not surrendered her bonds and she now applies for leave to. intervene and be made party to this proceeding, not only on her own behalf, but in behalf of the other present owners and holders of said bonds who have not surrendered them, so that she may continue the prosecution of such appeal.

In opposition to the motion it is asserted: (1) that this court is without power to grant intervention (Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) and (2) the filing of a notice of appeal takes the case out of the hands of the District Court (Rule 73, F.R.C.P.).

█ I regard this motion as one for an amendment of the proceedings and, since the record has not been docketed, I do not believe the court has lost jurisdiction. I am not persuaded that Hovey v. McDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888, has been abrogated by the Federal Rules of Civil Procedure, especially in view of the language of Rule 75, subdivision (j).

While I am of the opinion that the appeal is without merit, it is not within my province to assume the prerogative of the Appellate Court and so decide.

It is, moreover, essential in the administration of our system of justice, that litigants should have their day in court unless by their own acts they have abandoned them or estopped themselves from so doing.

█ Mannheim, in bringing on the application heretofore denied by this court, endeavored to secure for the present petitioner the same relief as he sought for himself.

I do not feel that his surrender of his bonds should prevent his co-owners, who did not deposit their bonds, from attempting to secure a review of my order on the mere technicality that because he had composed his differences with the city they had lost any rights which they may have had. If all of the co-owners of the bonds had been specifically enumerated in Mannheim's petition, Mrs. Linder would still be able to file a timely notice of appeal.

The motion to amend is within the time within which the petitioner might have appealed and, in the interest of justice, I feel that the motion should be, and is, granted.

Settle order unless agreed upon as to form.