James R. GORESEN, Appellant,

v.

STATE of Alaska, Appellee.

No. 812.

Supreme Court of Alaska.

Oct. 9, 1967.

M. Ashley Dickerson, Anchorage, for appellant.

D. A. Burr, Atty. Gen., Juneau, Thomas E. Curran, Jr., Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

This is an appeal from a judgment of conviction for assault and battery.

Appellant had been arrested by police officers of the City of Seward for drinking intoxicating liquor in a public place.[1] There is a conflict in the testimony as to what occurred after appellant had been brought to the police station. Police officer Bern testified that appellant "cussed and swore" at Bern, that he got very mad and insulting after being informed by Bern that appellant's father would not "go his bail", that appellant charged and hit Bern as the latter approached appellant to take him downstairs to a cell, that he struggled and wrestled with both Bern and another officer named Fillingim and hit Bern a second time, that Bern and Fillingim had to exert force to get appellant down the stairs and in doing so pushed him a little so that he went down the first three steps "before he had complete control of his weight again", that after reaching the bottom of the stairs appellant "just pulled up and laid on the floor", and that Bern and Fillingim then dragged appel-

---

1. AS 11.45.030 makes it a misdemeanor to drink intoxicating liquor in a public place not permitted under license to dispense intoxicating liquor.

lant into a cell, made sure he still had a pulse and locked the cell door.

Appellant's account of what took place at the police station differed from Bern's. Appellant testified that the police officers picked on him, called him dirty names, struck him in the mouth and choked him, shoved him down a flight of stairs, and threw him into a cell "like a bag of wheat".

On this appeal appellant argues that police officers Bern and Fillingim conspired and colluded to entrap appellant into committing an assault and battery on Bern by harassing and brutalizing appellant for the purpose of goading him into striking one or both officers so that he could be charged with assault and battery. The defense of entrapment was not raised at the trial. Nevertheless, appellant contends that the evidence of entrapment was so clear that the trial court was duty bound to recognize it and on its own motion grant appellant a judgment of acquittal.

It is true, as appellant contends, that we may consider questions raised for the first time on appeal if necessary to effect substantial justice or prevent the denial of fundamental rights. This is re-quired by a specific rule of procedure in criminal cases [2], and we have applied the same standard apart from rule in civil cases.[3]

Application of that rule does not persuade us that the judgment of conviction must be reversed. Appellant's argument is that entrapment was shown by the evidence as a matter of law. This would be true only if the evidence on the question were substantially undisputed,[4] which is not the case. The evidence is in conflict. Viewing the evidence in a light most favorable to the state,[5] it does not show entrapment, i. e., that the criminal design originated not in the mind of appellant but in the minds of the police officers, and that appellant was induced by the officers to commit the offense of assault and battery which he would not otherwise have committed.[6] Instead, the evidence is substantial in giving rise to the inference that the intent to commit the assault and battery originated in appellant's mind and not in the minds of the police officers. The trial court did not err in failing to direct a judgment of acquittal on the ground that entrapment was shown as a matter of law.

The judgment is affirmed.

2. Crim.R. 47(b) provides:
Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Noffke v. State, 422 P.2d 102, 107 (Alaska 1967) ; Lapham v. City of Haines, 374 P.2d 239, 240 (Alaska 1962).

3. Merrill v. Faltin, (opinion No. 425) 430 P.2d 913 (Alaska Aug. 7, 1967) ;

Meyst v. East Fifth Ave. Serv., Inc., 401 P.2d 430, 434 (Alaska 1965).

4. Enciso v. United States, 370 F.2d 749, 751 (9th Cir. 1967).

5. United States v. Lauchli, 371 F.2d 303, 308 (7th Cir. 1966).

6. People v. Sweeney, 55 Cal.2d 27, 9 Cal. Rptr. 793, 357 P.2d 1049, 1062 (1961).