Jack Jeffrey McCRACKEN, Appellant,

v.

STATE of Alaska, Appellee.

No. 1259.

Supreme Court of Alaska.

March 18, 1971.

Jack Jeffrey McCracken, in pro. per.

G. Kent Edwards, Atty. Gen., Harold W. Tobey, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ and CONNOR, JJ.

OPINION

RABINOWITZ, Justice.

Appellant Jack Jeffrey McCracken appeals from the superior court's denial of his application for post conviction relief which was brought under the provisions of Criminal Rule 35(b).

In the lower court, appellant based his application for post conviction relief on the grounds that his court appointed counsel failed to file a timely notice of appeal after being instructed to appeal.[1] Appellant further alleged that the trial court

---

1. Appellant's application was filed approximately four months after sentence was imposed by the superior court. Regarding this ground asserted for post conviction

relief, appellant further contends that his counsel's failure to file a timely notice of appeal deprived him of Sixth Amendment and Fourteenth Amendment rights.

omitted to inform him that an indigent defendant has the right to appeal in *forma pauperis*, and has the further right to the appointment of counsel to represent him for purposes of the appeal.[2] On the basis of the foregoing, McCracken requested that he be retried, or in the alternative resentenced, "in order to lawfully start the period within which timely notice of appeal may be filed."

In support of his application for post conviction relief, appellant filed an affidavit of Peter Kalamarides, an attorney, in which the affiant stated that prior to trial appellant told him he would appeal if convicted.[3] In McCracken's own affidavit he asserted that his attorney at trial and sentencing, Seaborn J. Buckalew, restrained him during the sentencing proceedings from announcing his intent to ap-

peal, that he instructed Mr. Buckalew to appeal his conviction, and that Mr. Buckalew said he would file a notice of appeal. In further support of his application for post conviction relief, appellant offered affidavits from various individuals including correction officers, stating that McCracken informed them of his intention to appeal. Some of these affidavits were to the effect that McCracken thought an appeal had been taken in his behalf.

The state moved, under Criminal Rule 35(g) (3), for summary disposition of McCracken's application for post conviction relief.[4] It was the state's position that none of the grounds advanced in appellant's application for post conviction relief came within any of the enumerated bases for institution of post conviction proceedings authorized by Criminal Rule 35(b).[5] The

2. At the time sentence was imposed, there was no obligation under our rules of procedure which required the trial court to advise a defendant who was represented by counsel of his right to appeal.

Supreme Ct.R. 19(b) provides in part: When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant.

Supreme Ct.R. 43(b) provides in part that:

In criminal matters the superior court shall authorize appeals at public expense on behalf of persons financially unable to pay the costs of appeal in accordance with the rules and decisions of the supreme court of Alaska and where such appeals are required to be provided by state courts by decisions of the Supreme Court of the United States.

*See also* Supreme Ct.R. 21(a), effective January 1, 1970, which requires the court in a case where the sentence or aggregate sentences are in excess of one year to notify the defendant of his right to appeal the sentence imposed on the grounds of excessiveness. *Compare* Fed.R.Crim.P.R. 32 (a) (2) which became effective July 1, 1966. This rule provides:

After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay

the cost of an appeal to apply for leave to appeal in *forma pauperis*. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.

3. After trial by jury, a judgment and commitment was filed on July 18, 1969, in the superior court under which appellant received a sentence calling for a total of 40 years' imprisonment for 2 counts of shooting with intent to kill and 2 counts, under AS 11.15.295, of use of a firearm during the commission of the crime of assault. See Whitton v. State, 479 P.2d 302 (Alaska 1970), for a discussion of the double jeopardy aspects of AS 11.15.295.

4. CrimR. 35(g) (3) provides:
The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

5. Concerning the scope of post conviction relief available, Crim.R. 35(b) provides that:

Any person who has been convicted of, or sentenced for, a crime and who claims:

(1) that the conviction or the sentence was in violation of the constitution of

state also contended that the relief sought by appellant was inappropriate, and further that appellant had failed to demonstrate how he was prejudiced by denial of the right to appeal, because no meritorious grounds for an appeal were disclosed in his application for post conviction relief.[6] The state also filed an affidavit of Seaborn J. Buckalew in which Mr. Buckalew stated in part:

> I told Jack Jeffrey McCracken following conviction that I had prepared a notice of appeal which I would file in the event it appeared to me that any grounds for appeal existed.

> I felt that no grounds existed which would form the basis for an appeal and I did not file the notice of appeal.

The superior court denied McCracken's application, holding that no issue of genuine fact had been raised, and that it was powerless to enlarge the time for filing a notice of appeal. The superior court, in its order of denial, said in part that:

> This court is not aware of any authority vested in it by Statute or Rule which permits it to waive or enlarge the time for a defendant to file a notice of appeal from a judgment of this court. However, in all justice to the petitioner, it appears that he should have the right to have the Supreme Court review his trial, conviction, and sentence by this court, upon a proper showing, if any can be made, that he has meritorious grounds for such appeal.

In its order, the superior court also said that appellant could apply to the supreme court for an extension of time in which to appeal if he believed that the trial court had erred. McCracken now brings this appeal from the denial of his application for post conviction relief.

■ Assuming the correctness of the superior court's ruling that none of the grounds urged by appellant in his appli-

---

the United States or the constitution or laws of Alaska;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release have been unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground or alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy; or

(7) that there has been a significant change in law, whether substantive or procedural, applied in the process leading to applicant's conviction or sentence, when sufficient reasons exist to allow retroactive application of the changed legal standards; may institute a proceeding under this rule to secure relief.

6. Concerning the inappropriateness of the relief requested in the application, the state's position was that under Crim.R. 40(b) the superior court was precluded from enlarging the period for taking an appeal, and that the appropriate remedy was for the appellant to invoke this court's discretion under Supreme Ct.R. 45(b) (2) to enlarge the period of time within which to file an appeal. In this regard, Supreme Ct.R. 45(b) (2) provides in part that:

> When by these rules * * * an act is required * * * to be done at or within a specified time, this court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

Crim.R. 40(b) reads in part that the superior court "may not enlarge * * * the period for taking an appeal."

cation for post conviction relief were cognizable under the provisions of Criminal Rule 35(b),[7] we hold that on the particular facts of this record appellant is entitled to relief under either Supreme Court Rule 45(b) (2)[8] or Supreme Court Rule 52.[9] Appellant's essentially uncontroverted showing made in support of his application for post conviction relief reveals that the failure to file a notice of appeal from his judgment and commitment within the 10-day limitation of Supreme Court Rule 19(b) was the result of excusable neglect.[10] Appellant's showing established that he intended to appeal if convicted, communicated this intent to his trial attorney, and thereafter thought that an appeal had been taken on his behalf.[11] We also deem it significant that in the affidavit filed in opposition to McCracken's application no statement appears by Mr. Buckalew that he informed McCracken, within the crucial 10-day period, that he could not find any basis for taking an appeal, and therefore did not intend to file a notice of appeal for McCracken. Given the strong probability of a genuine misunderstanding on McCracken's part as to whether or not a notice of appeal was in fact filed on his behalf, we hold, on the basis of our study of the entire record, that the failure to file a notice of appeal with-

in the 10-day period was the result of excusable neglect.[12]

On the other hand, if we were to conclude that McCracken had not made out a case of excusable neglect under Supreme Court Rule 45(b), we would still hold that McCracken should be allowed an appeal from the judgment and commitment in question. For on the record before us, we think strict adherence to the 10-day time limitation of Supreme Court Rule 19(b) would work an injustice to McCracken, and therefore this time limitation should be relaxed under the authority of Supreme Court Rule 52.[13]

We are also of the view that the reasons which appellant asserted as the basis for post conviction relief came within the enumerated grounds specified in Criminal Rule 35(b). Subsection (6) of this Criminal Rule 35(b) provides that:

Any person who has been convicted of, or sentenced for, a crime and who claims:

* * * * * *

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground or alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy * * *

---

7. *Supra*, note 5.

8. *Supra*, note 6.

9. Supreme Ct.R. 52 says:
   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

10. Supreme Ct.R. 19(b) reads, where pertinent, as follows:
    An appeal by a defendant may be taken within ten (10) days after entry of the judgment appealed from, but if a motion for a new trial or an arrest of judgment has been made within the ten (10) day period, an appeal from a judgment of conviction may be taken within ten (10) days after entry of the order denying the motion.

11. Mr. Buckalew does not refute McCracken's assertions that he was restrained from

informing the trial court at the sentencing proceedings of his desire to appeal.

12. *Compare* Pore v. State, 452 P.2d 433 (Alaska 1969), which involved an application for post conviction relief under our former Crim.R. 35(b) which was then essentially similar to 28 U.S.C. § 2255. There we held that petitioner's showing in regard to her failure to file a timely notice of appeal from her conviction did not warrant the holding of an evidentiary hearing or relief under Crim.R. 35(b). In *Pore*, we left open the possibility of a second application for post conviction relief.

13. Implicit in the result we reach is our conclusion that it was unnecessary for McCracken to prove he had meritorious grounds for appeal to this court as a prerequisite of his right to an appeal.

\* \* \* \* \* \*

may institute a proceeding under this rule to secure relief.

Under both the predecessor to our present Criminal Rule 35(b), which was based essentially upon the provisions of 28 U.S.C. § 2255, and the federal statute itself, it has been held that an application for post conviction relief can properly be used as a vehicle for effectuation of the right of appeal in instances where counsel has failed to file a timely notice of appeal on behalf of the defendant.[14] Our decision in Pore v. State, 452 P.2d 433 (Alaska 1969), recognized the appropriateness of proceedings under our former Criminal Rule 35(b) in just such circumstances. There are also federal precedents holding that the post conviction remedy afforded by 28 U.S.C. § 2255 encompasses the granting of appropriate relief in instances where counsel has failed to appeal a conviction. Brewen v. United States, 375 F.2d 285 (5th Cir. 1967); Dillane v. United States, 121 U.S. App.D.C. 354, 350 F.2d 732 (1965); Hannigan v. United States, 341 F.2d 587 (10th Cir. 1965); Desmond v. United States, 333 F.2d 378 (1st Cir. 1964); Calland v. United States, 323 F.2d 405 (7th Cir. 1963); Dodd v. United States, 321 F.2d 240, 243 (9th Cir. 1963); 9 J. Moore, Federal Practice ¶ 204.16, at 989 (2d ed. 1970). Admittedly, the question of granting relief under 28 U.S.C. § 2255 was complicated by virtue of a rule of procedure similar to our present Criminal Rule 40(b),[15] which prohibited enlargement by the trial court of the time within which to appeal from a judgment of conviction.[16]

Until this court's Standing Advisory Committees on Criminal and Appellate Rules have had an opportunity to study the procedural problems raised by the case at bar and to make recommendations for changes in existing rules, any applications for post conviction relief which advance grounds similar to those asserted in the case at bar should be processed as far as practical, in accordance with the provisions of Criminal Rule 35(b). Upon conclusion of appropriate Criminal Rule 35(b) proceedings, the superior court should then certify to this court its recommendations and findings as to whether or not an appropriate instance of excusable neglect has been made out regarding a failure to file a timely notice of appeal, or whether or not the time limitations of Supreme Court Rule 19(b) should be relaxed.

Appellant shall have 10 days after service of this court's mandate in which to file a notice of appeal from the judgment and commitment in this case.

ERWIN, J., not participating.

---

14. *See* Merrill v. State, 457 P.2d 231 (Alaska 1969), for a discussion of our former Crim.R. 35(b), our present rule, and 28 U.S.C. § 2255.

15. *Supra*, note 6.

16. Under the Federal Rules of Appellate Procedure, Rule 4(b), it is now provided that the district court may "[u]pon a showing of excusable neglect \* \* \* before or after the time [for notice of appeal] has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period of time not to exceed 30 days from the expiration of the time otherwise prescribed \* \* \*."