569 P.2d 1321 (1977)
B. Agnes BROWN, Alice Debbie Fullenwider and Patrick Marrs, Petitioners,
v.
COOK INLET REGION, INC. and Jerry Ward, Respondents.
No. 3488.
Supreme Court of Alaska.
October 7, 1977.
Donna C. Willard, Richmond, Willoughby & Willard, Anchorage, for petitioners.
Edgar Paul Boyko and Bruce E. Gagnon, Anchorage, for respondents.
Before BOOCHEVER, C.J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

OPINION
BOOCHEVER, Chief Justice.
Petitioners seek review of the superior court's order denying their motion to intervene under Civil Rule 24(a). We reverse.

*1322 FACTUAL BACKGROUND
On May 2, 1977, plaintiff, Cook Inlet Region, Inc. (hereinafter "Cook Inlet"), a corporation organized pursuant to the Alaska Native Claims Settlement Act,[1] sought preliminary and permanent injunctive relief to prohibit defendant Ward from voting certain proxies allegedly acquired on the basis of false or misleading material in proxy solicitations.[2] On May 12, 1977, a preliminary injunction was granted which permitted the challenged proxies to be voted, but directed that the results therefrom be segregated and not finally counted until a final determination on the merits of Cook Inlet's challenge. The preliminary injunction further ordered that the incumbent board of directors of Cook Inlet continue in office pending the outcome of the trial and that two compilations of votes for new directors be made, one including and the other excluding Ward's challenged proxies.[3]
On June 2, 1977, Ward moved to dismiss the action. The Court granted the motion but did not then enter judgment. On June 5, 1977, the incumbent board of directors, of which petitioners were members, voted not to appeal the decision of the court.[4] On June 17, 1977, petitioners, who were among those directors to be displaced if Ward's proxies were valid, moved to intervene pursuant to Civil Rule 24(a) in order to prosecute an appeal on their own behalf. After hearing, the court denied petitioners' motion and entered judgment dismissing the suit.[5] This petition for review followed.[6]

THE MERITS
Intervention is not discretionary with the superior court if the requirements of Civil Rule 24(a) are met. Civil Rule 24(a) provides:
Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. (emphasis added)
*1323 There has been a timely application.[7] The petitioners clearly have an interest in the transaction since they would be elected as members of the board of directors if the disputed proxies are not counted. Denial of the petition as a practical matter will prevent them from protecting their interest. If they are to commence a new suit, it will take a substantial amount of time and petitioners may be prejudicially barred in their new suit by the doctrines of res judicata or collateral estoppel. Cook Inlet's decision on June 5, 1977 not to appeal the dismissal effectively left petitioners without adequate representation.
On facts substantially similar to those in this petition, the United States Court of Appeals for the Ninth Circuit held that it was error not to permit intervention by a shareholder where the corporation's board of directors elected not to appeal the adverse judgment of the district court in a suit by the corporation against certain corporate officers for violation of the Securities Exchange Act of 1934. Pellegrino v. Nesbit, 203 F.2d 463 (9th Cir.1953). The Court of Appeals held that the motion to intervene was timely[8] and that intervention should have been permitted.[9] Similarly, a recent decision of the United States Supreme Court permitted post-judgment intervention by a putative class member where the district court denied class certification; and the named plaintiffs, having secured relief individually, elected not to appeal the certification denial. United Air Lines, Inc. v. McDonald, ___ U.S. ___, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).[10]
We conclude that the superior court erred in not granting the motion to intervene.
REMANDED.
NOTES
[1] 43 U.S.C. § 1601, et seq.
[2] The factual background is derived from petitioner's unopposed petition for relief and exhibits attached thereto.
[3] Ward filed more than 1,100 alleged proxies with Cook Inlet, whose by-laws provided for cumulative voting. There were approximately 6,000 shares outstanding. If Ward's proxies were valid as voted, the election of four members on the fifteen-member board of directors would be affected.
[4] Petitioners Brown and Marrs voted "no" on the motion that plaintiff not appeal; petitioner Fullenwider was absent.
[5] The court concluded that dismissal was proper under Civil Rule 41(b) since Cook Inlet:

... failed to make a prima facie case on the issue as to whether the proxy solicitation material used by defendant Ward was false and/or misleading... .
[6] The petition for review does not expressly state the reason it complies with the requirements of Appellate Rules 23 and 24. It seems clear, however, that the petition comports with the provisions. Under Rule 23(c), it is a petition from an order "affecting a substantial right in an action or proceeding which ... in effect terminates the proceeding" and "prevents a final judgment" in which petitioners are afforded an opportunity to participate. The decision also involves a controlling question of law under Rule 23(d) pertaining to the right to intervene; and there is no appropriate remedy if we do not grant review. Under Rule 24, "the order ... is of such substance and importance as to justify ... the immediate attention of this court." Accordingly, petitioners' failure to follow the form provisions of Rules 23 and 24 are waived under Appellate Rule 46. See, e.g., Alaska Public Utilities Commission v. Municipality of Anchorage, 555 P.2d 262, 264 n. 1 (Alaska 1976); McCracken v. State, 482 P.2d 269, 272 (Alaska 1971).
[7] Petitioners moved to intervene within twelve days of learning that Cook Inlet would not prosecute an appeal and before judgment was entered. There is no showing that any delay in moving to intervene would prejudice Ward.
[8] The motion was presented to the district court twelve days after intervenors learned of the decision of the corporation not to appeal. Pellegrino v. Nesbit, supra at 466.
[9] The court's decision was based upon fulfillment of all requirements of F.R.C.P. 24(a)(2), which is similar to Civil Rule 24(a), and upon F.R.C.P. 24(a)(1), since § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), conferred an unconditional right to intervene in the circumstances presented. In 1953, Federal Rule of Civil Procedure 24 read:

(a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action.
[10] See also American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., 3 F.R.D. 162 (S.D.N.Y. 1942). The court granted intervention to dissenting bondholders where plaintiff bondholder, acting individually and as attorney-in-fact for other bondholders, abandoned his appeal and surrendered his bonds following court approval of a corporate unification proposal. The intervenor was permitted to take an appeal on behalf of herself and remaining bondholders on whose behalf plaintiff had been acting.